UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENFIELD MHP ASSOCIATES, L.P.; STARLIGHT MHP, LLC; STARLIGHT EXCHANGE, LLC; DAVIS GROUP EXCHANGE, LLC; and VILLA CAJON MHC, L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>AMETEK, INC.; SENIOR OPERATIONS, LLC; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 3:15-cv-01525-GPC-AGS<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**<br><br>**[ECF No. 164]** |

Before the Court is a motion for determination of good faith settlement filed by Defendant Senior Operations, LLC ("Senior"). (ECF No. 164.) Defendant Ametek, Inc. filed a response to the motion on February 23, 2018 (ECF No. 171), and Senior filed a reply on March 2, 2018 (ECF No. 173). For the reasons set forth below, the Court concludes that any determination of the good faith nature of this settlement would be merely advisory, and therefore DENIES the motion WITHOUT PREJUDICE.

I. **Background**

This case is one of four related cases involving groundwater contamination. *See*

*Trujillo, et al. v. Ametek, Inc., et al.*, No. 3:15-cv-1394 (S.D. Cal.); *Greenfield MHP Assocs., L.P., et al. v. Ametek, Inc., et al.*, No. 3:15-cv-1525 (S.D. Cal.) ("*Cox I*"); *Cox, et al. v. Ametek, Inc., et al.*, No. 3:17-cv-597 (S.D. Cal.); *Cox, et al. v. Ametek, Inc., et al.*, No. 3:17-cv-1211 (S.D. Cal.) ("*Cox II*"). The complaints in these four cases allege that while Ametek owned and operated an aerospace parts manufacturing facility in El Cajon, California, it placed its waste in an underground sump on the facility property. The waste allegedly breached the sump and created a massive plume of groundwater contamination extending beyond the facility property. According to the complaints, the plume extends underneath an elementary school and three mobile home parks. In this case, owners of the mobile home parks assert tort claims against Defendants resulting from the contamination of their properties. (ECF No. 17.) A motion for summary judgment filed by Ametek is currently pending before the Court. (ECF No. 141.)

## II. Discussion

According to the motion, Plaintiffs and Senior have "entered into a Settlement Agreement and Release whereby Senior has agreed to pay Plaintiffs $1,500,000 and release and dismiss with prejudice all third-party cross-claims that it has asserted against Plaintiffs and their affiliated entities in the *Cox I* Action and Plaintiffs have agreed to release all claims and dismiss with prejudice this action against Senior." (ECF No. 164-1 at 2.) This settlement, however, "is contingent upon Court approval of the settlement agreements in" all four of the related cases. (*Id.*) Senior has reached a similar agreement with the plaintiffs in *Cox II*: the plaintiffs and Senior have agreed to settle that case, but only if settlements are reached and approved in all four of these related cases. *See* No. 3:17-cv-1211 (S.D. Cal.), ECF No. 37-1 at 2.

In light of the contingency that *all four* cases reach settlement before the settlement in this case is effective, Ametek argues that the instant motion is premature. Because "*Trujillo* and *Cox I* are putative class actions in which classes have not been certified," and Plaintiffs and Senior "have yet to reduce their agreement to writing" in those cases, Ametek argues that a determination of good faith as to the settlement in this case, at this

2

time, would serve no purpose. (ECF No. 171 at 2.) Ametek explains that before it approves any settlement in either class action, the Court will have to consider issues relating to certification, which Ametek intends to oppose. *See Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context"). Ametek therefore requests that that this Court "postpone entering a good faith determination until after the class certification issues have been resolved, such that those settlements have final terms and the global settlement can be fully and fairly evaluated." (ECF No. 171 at 4.)

The Court agrees with Ametek that a finding of good faith at this juncture would be premature and serves no purpose beneficial to any of the interested parties. As the motion indicates, the settlement in this case will not become effective until settlements are approved in the other three actions, including the two putative class actions in which no proposed settlement has yet been offered to the Court. A determination, today, that the terms of this proposed settlement were reached by good faith efforts would be subject to change depending on the outcomes of the settlement efforts in the other cases. In other words, any determination of good faith as to the settlement presented in this motion would be merely advisory.

### III. Conclusion

The Court finds no reason to issue an advisory determination as to the good faith nature of a settlement that is conditioned on future events. As a result, the motion for determination of good faith settlement is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: March 16, 2018

Hon. Gonzalo P. Curiel
United States District Judge