UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENFIELD MHP ASSOCIATES, L.P.; STARLIGHT MHP, LLC; DAVIS GROUP EXCHANGE, LLC; VILLA CAJON MHC, L.P.,<br><br>Plaintiffs,<br><br>v.<br><br>AMETEK, INC; SENIOR OPERATIONS, LLC; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 3:15-cv-01525-GPC-AGS<br><br>**(1) ORDER GRANTING MOTION TO STRIKE [ECF No. 184]; and**<br><br>**(2) AMENDED TRIAL SCHEDULING ORDER** |

Before the Court is Defendant Ametek, Inc.'s motion to strike portions of the Plaintiffs' operative complaint. (ECF No. 184.) For the reasons set forth below, the Court GRANTS the motion.

### I. Background

On April 12, 2018, the Court granted in part Ametek's motion for summary judgment after concluding that Plaintiffs could not obtain the damages they request in this case. (ECF No. 180.) The Court noted that declaratory and/or injunctive relief may be available in this case, and therefore it permitted Plaintiffs to file an amended

complaint that adds requests for declaratory and/or injunctive relief. (*Id.* at 36–37.[1])
Plaintiffs filed a Second Amended Complaint (the "SAC"). (ECF No. 182.) Ametek now moves to strike certain portions of the SAC. (ECF No. 184.)

## II. Legal Standard

Federal Rule of Civil Procedure 12(f) provides that, upon a motion, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 943 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)).

## III. Discussion

### A. Jury Trial Demand

First, Ametek moves to strike Plaintiffs' jury trial demand. (ECF No. 184-1 at 6–9.) In their response, Plaintiffs indicate that they "do not oppose Ametek's motion to strike the jury demand." (ECF No. 192 at 3.) The jury trial demand is therefore stricken from the SAC.

### B. Previously Dismissed Causes of Action

Ametek asks the Court to strike the causes of action in the SAC that the Court previously dismissed in its November 18, 2015 ruling. (*See* ECF No. 34.) Again, Plaintiffs "do not oppose striking the previously dismissed causes of action at this juncture." (ECF No. 192 at 3.) Plaintiffs' claims that have been previously dismissed are hereby stricken from the SAC.

### C. Request for Declaratory Relief

In its summary judgment ruling, the Court explained that the envisioned

---

[1] Page citations in this order refer to the pagination provided by the CM/ECF system.

2

3:15-cv-01525-GPC-AGS

declaratory judgment in this case would find Ametek liable for the contamination on Plaintiffs' properties. (*See* ECF No. 180 at 33.) In response, Plaintiffs added to their complaint a request for a declaration from the Court stating that (1) "Ametek is responsible for the contamination that exists on Plaintiffs' properties," (2) "Ametek is liable to Plaintiffs for the contamination that exists on Plaintiffs' properties," and (3) "Ametek is responsible for reimbursing Plaintiffs for the full amount of any and all past, present and future costs that Plaintiffs have incurred or will incur to remediate and/or mitigate the contamination that Ametek has caused to exist on Plaintiffs' properties." (FAC at 37, 39.) Ametek moves to strike the third prong of Plaintiffs' request for declaratory relief because it "goes beyond the scope of the Court's order on the [motion for summary judgment] and raises subject matter jurisdiction concerns." (ECF No. 184-1 at 10.) The Court agrees on the first ground, and therefore need not address the second ground.

In its summary judgment ruling, the Court explained that a declaratory judgment in this case would simply find "Ametek liable for the contamination of Plaintiffs' property," and explained that Plaintiffs could "use that judgment to bring successive actions against Ametek for recoupment of costs Plaintiffs incur as they remediate their own properties." (ECF No. 180 at 33.) The Court permitted Plaintiffs to amend their complaint only so as to add a request for such a declaratory judgment. The first two prongs of the request for declaratory relief—which seek a declaration that Ametek is "responsible for" the contamination and "liable to" Plaintiffs as a result—satisfy the amendment that was permitted by the Court. To the extent that the third prong goes beyond that permission, such amendment was not permitted and should be stricken. *See, e.g.*, *Hiramanek v. Clark*, No. C-13-0228 EMC, 2013 WL 4734025, at *2 (N.D. Cal. Sept. 3, 2013). To the extent that the third prong repeats what is requested in the first two prongs, the third prong is "redundant." Fed. R. Civ. P. 12(f). As a result, the Court finds it appropriate to strike the third prong of Plaintiffs' request for declaratory relief.

//

## IV. Conclusion

For the reasons explained above, the Court GRANTS the motion to strike. In light of the Court's striking Plaintiffs' jury trial demand, the trial set for August 6, 2018, will be a bench trial.

The Court's earlier scheduling order (ECF No. 189) is VACATED. On or before **July 23, 2018**, the parties shall submit directly to chambers a tabbed trial notebook containing a table of contents and hard copies of the following documents, all of which should also be filed using the Court's Case Management/Electronic Case Filing (CM/ECF) system:

1. The operative pleading, complaint, as well as any cross complaint, or third party complaint, and operative answers;
2. Separate trial briefs, not to exceed twenty pages in length;
3. Any stipulations or agreements;
4. A joint witness list in table format, including columns designated for the party that will be calling the witness, time estimates for direct and cross-examination, and a brief description of each witness's testimony;
5. A joint list of deposition designations, if any;
6. A joint exhibit list in table format, including columns designated for exhibit numbers, a description of the exhibits, whether the admissibility of an exhibit is disputed, the date an exhibit is marked, and the date the exhibit is admitted; and
7. Separate proposed findings of fact and conclusions of law.

The parties shall also email a copy of these documents in Word format to efile_curiel@casd.uscourts.gov.

**IT IS SO ORDERED.**

Dated: June 22, 2018

Hon. Gonzalo P. Curiel
United States District Judge